Mr. Chief Justice Sharkey
delivered the opinion of the court.
The plaintiffs sued out an attachment against the goods and chattels of the defendant, which on motion was quashed, and from the decision of the circuit court on the motion an appeal was taken.
Neither the grounds of the motion, nor the reasons of the court appear on the record. We, cannot therefore, know for what reasons the motion was made, or for what reason sustained. The entry on the rerord is merely that, “ the defendant by his attorney came into court, and moved the court that the attachment in this case be quashed, and therefore, after an argument being had upon said motion, it was ordered that said motion to quash said attachment be sustained, and the attachment quashed.
A presumption always arises in favor of the correctness of the decision below, and a judgment cannot, therefore, be reversed, unless the party seeking to reverse it can point out the error committed by the court. This rule applies with peculiar force to motions, in which the circuit courts may act upon something extrinsic or dehors the record. If they do, it is the business of the party objecting to have such matter placed upon the record, that it may come fairly before the appellate court. It is the *582 province of an appellate court to correct the errors which have occurred. in the courts below; but how are those errors to be corrected unless they are shown? The proceeding in attachment, as it is set out, appears to have been without fault, and although it may be difficult to conceive of matter' dehors which would justify the quashing of the attachment, yet we cannot undertake to decide that there could not be such matter, and the fact that the attachment and proceeding appear regular on the record, would tend to raise a presumption, that there was such matter raised by the motion. We are furnished with an authority decidedly in point, in the case of Harper v. Bell, 2 Bibb, 221. A motion was made in the court below to quash an attachment, and overruled, and although the appellate court decided that the attachment upon its face was manifestly defective, yet it was held that, as the reasons of the motion did not appear on the record, it was no ground of error. The court evidently founded their decision on the presumption, that the decision of the court below was correct, unless shown to be erroneous; and as no error was pointed out, by setting out the grounds of the motion, and as the court might have overruled the motion for extrinsic matter, the judgment overruling the motion was sustained, although the attachment was admitted to be defectiye. This authority is fortified by many others, showing that an objection not taken below cannot be taken in the appellate court, unless it be something that is fatal to the action. 16 Johns. Rep. 353; 17 Johns. Rep. 471; 3 Cowen, 684. This rule is in effect the same as that laid down in 2 Bibb, because the appellate court can only be informed of the objections taken below by the record, and all objections, not so shown to have been taken, must be considered as new and not proper for the consideration of an appellate court, unless thereby some fatal and obvious defect should be brought to light.
When the motion to quash the attachment was sustained, if the plaintiffs did not believe the reasons to be good, they should have spread them on the record, either by bill of exceptions by having them entered at large, and then they would have come fairly *583 up, and an erroneous judgment could have been corrected, but as it is, we cannot decide whether the judgment was correct or not, as we cannot know the grounds on which it was given. We must therefore adopt the presumption in its favor.
The judgment must be affirmed.